UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GUY JONES,

         Plaintiff,

   v.

MOUNTAIN MIKE'S PIZZA, et al,

         Defendants.
_____/

NO. CIV. S-06-2522 LKK KJM

O R D E R

On February 20, 2007, the court sanctioned Mr. Christopher Lee (counsel for defendants Mountain Mike's Pizza, Sukhwinder Kahlon, and Ranjit Kahlon) in connection with his failure to appear at the status conference on February 26, 2007. Initially, when the court ordered counsel to show cause why sanctions should not issue, a response was filed by Mr. Stephen Mackey, a business associate of Mr. Lee's who had attempted to make a special appearance at the status conference in Mr. Lee's place. Mr. Mackey informed the court that Mr. Lee had informed him that the conference was to be held on February 26, 2007 (the correct date) at 3:00 p.m. (the

incorrect time).

The court is now in receipt of Mr. Lee's declaration, which states that he sent out a notice of unavailability covering the date of the status conference. Mr. Lee was out of the country during those dates with his wife, who is ill. Although counsel has not expressly stated as much, it appears that the purpose of the filing is to convince the court to relieve counsel of the $150 sanction and the order to pay counsel for plaintiffs $1,210.

This is unavailing for several reasons. First, Mr. Lee filed his declaration after the court already provided ample time for a response to the order to show cause. That order was issued on February 28, 2007 and did not require a response until March 16, 2007, well after the close of counsel's period of unavailability (March 4, 2007). Instead of personally filing a response, Mr. Lee had his associate, Mr. Mackey, file one. Only after sanctions were issued did Mr. Lee choose to file a declaration. The declaration is a day late and a dollar short.

Second, Mr. Lee claims that because of the period of unavailability, "no one was able to monitor the e-mail for the rescheduling of the status conference." Mr. Lee's period of unavailability did not commence until February 15, 2007. The rescheduling of the status conference occurred on January 24, 2007. Mr. Lee's claim that he did not know that the status conference was moved is entirely contradicted by the fact that he (and his business associate, Mr. Mackey) knew of the rescheduled date (moved from February 20, 2007 to February 26, 2007). Apparently, Mr. Lee

1  received notice of the rescheduled date but would have the court
2  believe that he did not receive notice of the rescheduled time
3  (moved from 3:00 p.m. to 11:30 a.m.).
4      Third, Mr. Lee could have either filed a notice of
5  unavailability with the court or requested a continuance of the
6  status conference -- but he did neither of these things.
7  Furthermore, when Mr. Lee requested that Mr. Mackey make a special
8  appearance on his behalf, it was his duty to inform Mr. Mackey of
9  the correct date and time of the status conference.  Mr. Lee failed
10 to do so.
11     The March 20, 2007 order imposing sanctions and requiring Mr.
12 Lee to pay $1,210 to counsel for plaintiffs is confirmed.
13     IT IS SO ORDERED.
14     DATED: March 23, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT