PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
(510) 832-5001

Attorneys for Plaintiff
GUY JONES

CHRISTOPHER A. LEE, Esq. (SBN 44105)
Attorney at Law
13760 Highway 160
P.O. Box 673
Walnut Grove, CA 95690
(916) 776-1731

Attorney for Defendants
MOUNTAIN MIKE'S PIZZA, SUKHWINDER
KAHLON and RANJIT KAHLON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY JONES, | CASE 2:06-CV-02522-LKK-KJM |
| Plaintiff, | Civil Rights |
| v. | **CONSENT DECREE AND ORDER** |
| MOUNTAIN MIKE'S PIZZA; SUKHWINDER KAHLON, RANJIT KAHLON, SUSAN CHRISTOPHERSON AND WILLIAM OLLE, as individuals and dba MOUNTAIN MIKE'S PIZZA; and DOES 1-20, Inclusive, | |
| Defendants. | |

## CONSENT DECREE AND ORDER

1.  Plaintiff GUY JONES filed a Complaint in this action on November 10, 2006, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, MOUNTAIN MIKE'S PIZZA; SUKHWINDER KAHLON, RANJIT KAHLON, SUSAN CHRISTOPHERSON AND

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order: Case No.
2:06-CV-02522-LKK-KJM                  - 1 -

G:\DOCS\KAR\DKAR1\consent\Mountain Mike Consent Decree.doc

PDF created with pdfFactory trial version www.pdffactory.com

1  WILLIAM OLLE, as individuals and dba MOUNTAIN MIKE'S PIZZA.; and DOES 1-25,
2  Inclusive.  Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51,
3  52, 54.1, and 55 of the California Civil Code, and sections 19955 *et seq.,* of the California
4  Health and Safety Code by failing to provide full and equal access to their facilities at the
5  Mountain Mike's Pizza Restaurant located at 5640 Auburn Blvd., Sacramento, California,
6  when plaintiff visited the subject facility on July 3, 2006.
7      2.   Defendants MOUNTAIN MIKE'S PIZZA; SUKHWINDER KAHLON and
8  RANJIT KAHLON;  ("Defendants") deny the allegations in the Complaint and by entering into
9  this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's
10 Complaint filed in this action.  The parties hereby enter into this Consent Decree and Order for
11 the purpose of resolving this lawsuit without the need for protracted litigation, and without the
12 admission of any liability.

**JURISDICTION:**

15     3.   The parties to this consent decree agree that the Court has jurisdiction of this
16 matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act
17 of 1990, 42 USC 12101 *et seq*. and pursuant to supplemental jurisdiction for alleged violations
18 of California Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code
19 of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.
20     4.   In order to avoid the costs, expense, and uncertainty of protracted litigation, the
21 parties to this consent decree, without admitting any liability, agree to entry of this Order to
22 resolve all claims regarding injunctive relief raised in the Complaint filed with this Court.
23 Accordingly, they agree to the entry of this Order without trial or further adjudication of any
24 issues of fact or law concerning plaintiff's claims for injunctive relief.
25       WHEREFORE, the parties to this consent decree hereby agree and stipulate to
26 the Court's entry of this Consent Decree and Order, which provides as follows:

28 ///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order: Case No.
2:06-CV-02522-LKK-KJM** - 2 -                           G:\DOCS\KAR\DKAR1\consent\Mountain Mike Consent Decree.doc

PDF created with pdfFactory trial version www.pdffactory.com

**SETTLEMENT OF INJUNCTIVE RELIEF**:

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent and Order:

a) <u>Remedial Measures</u>: The injunctive relief agreed upon by the Parties is attached as **Attachment A** to this Consent Decree, the Inventory of Architectural Barriers by plaintiff's consultant Jonathan Adler, which is incorporated herein by reference as if fully set forth in this document. Defendants agree to undertake all remedial work and remove all barriers set forth in **Attachment A**. They may either follow the suggested plans of Mr. Adler or may provide their own plans which provide for equivalent or greater access.

b) <u>Timing of Injunctive Relief</u>: Defendants will submit plans for all corrective work to the appropriate building department within 30 days of entry of this consent decree and order by the court, will commence work within 30 days of receiving approval from the building department, and will complete work within 30 days of commencement. For corrective work not requiring building permits, defendants shall complete the work within 30 days of the entry of this consent decree and order by the court. In the event that unforeseen difficulties prevent defendants from completing any of the agreed-upon injunctive relief, defendants or their counsel will notify plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this consent decree, and each 120 days thereafter until all work has been completed.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order: Case No. 2:06-CV-02522-LKK-KJM** - 3 -

G:\DOCS\KAR\DKAR1\consent\Mountain Mike Consent Decree.doc

PDF created with pdfFactory trial version www.pdffactory.com

**ENTIRE CONSENT ORDER**:

7. This Consent Order and Attachment A to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Order, shall be enforceable regarding the matters of injunctive relief described herein. This consent decree applies to plaintiff's claims for injunctive relief only.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

8. This Consent Order shall be binding on Plaintiff GUY JONES, Defendants, MOUNTAIN MIKE'S PIZZA; SUKHWINDER KAHLON and RANJIT KAHLON; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Order during the period of the Court's jurisdiction of this consent decree.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

9. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order: Case No.
2:06-CV-02522-LKK-KJM – 4 –

PDF created with pdfFactory trial version www.pdffactory.com

1  provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section
2  1542 provides as follows:
3      A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
4      CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE
5      TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST
6      HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.
7  This waiver applies to the injunctive relief aspects of this action only and does not include
8  resolution of plaintiff's claims for damages, attorney fees, litigation expenses and costs.
9      10.    Except for all obligations required in this Consent Decree, and exclusive of the
10 referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs,
11 each of the parties to this Consent Decree, on behalf of each, their respective agents,
12 representatives, predecessors, successors, heirs, partners and assigns, releases and forever
13 discharges each other Party and all officers, directors, shareholders, subsidiaries, joint
14 venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance
15 carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands,
16 actions, and causes of action of whatever kind or nature, presently known or unknown, arising
17 out of or in any way connected with the Lawsuit.
18
19 **TERM OF THE CONSENT ORDER**:
20     11.    This Consent Order shall be in full force and effect for a period of twelve (12)
21 months after the date of entry of this Consent Order, or until the injunctive relief contemplated
22 by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this
23 action to enforce provisions of this Order until the injunctive relief contemplated by this Order
24 is completed.  Within sixty (60) days after said work is completed, Plaintiff shall dismiss this
25 action with prejudice.
26
27 **SEVERABILITY**:
28     12.    If any term of this Consent Decree and Order is determined by any court to be

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order: Case No.
2:06-CV-02522-LKK-KJM**   - 5 -   G:\DOCS\KAR\DKAR1\consent\Mountain Mike Consent Decree.doc

PDF created with pdfFactory trial version www.pdffactory.com

1  unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in
2  full force and effect.
3
4  **SIGNATORIES BIND PARTIES**:
5        13.     Signatories on the behalf of the parties represent that they are authorized to bind
6  the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in
7  counterparts and a facsimile signature shall have the same force and effect as an original
8  signature.
9
10 Dated: May 31, 2007
11
12                                          /s/
                                            Plaintiff GUY JONES
13 Dated: May 22, 2007
14
15                                          /s/
                                            Defendant MOUNTAIN MIKE'S PIZZA
16 Dated: May 22, 2007
17
18                                          /s/
                                            Defendant SUKHWINDER KAHLON
19 Dated: May 22, 2007
20
21                                          /s/
                                            Defendant RANJIT KAHLON
22
23 APPROVED AS TO FORM:
24 Dated: May 31, 2007         PAUL L. REIN
25                             JULIE A. OSTIL
                               LAW OFFICES OF PAUL L. REIN
26
27                                          /s/
                                            Attorneys for Plaintiff
28                                          GUY JONES

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order: Case No.
2:06-CV-02522-LKK-KJM** − 6 −

G:\DOCS\KAR\DKAR1\consent\Mountain Mike Consent Decree.doc

PDF created with pdfFactory trial version www.pdffactory.com

1  Dated: May 23, 2007                              CHRISTOPHER A. LEE
                                                    ATTORNEY AT LAW
2

3                                                   /s/
                                                    Attorneys for Defendants
4                                                   MOUNTAIN MIKE'S PIZZA, SUKHWINDER
                                                    KAHLON and RANJIN KAHLON
5

6                                    **ORDER**

7  Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

8

9

10

11  Dated:  June 4, 2007.

12

13                                   LAWRENCE K. KARLTON
                                     SENIOR JUDGE
14                                   UNITED STATES DISTRICT COURT

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order: Case No.
2:06-CV-02522-LKK-KJM**

— 7 —

g:\docs\kar\dkar1\consent\mountain mike consent decree.doc

PDF created with pdfFactory trial version www.pdffactory.com